IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00326-MR-WCM

| | |
|---|---|
| LESLEY SISK, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> COMMISSIONER OF THE SOCIAL ) </br> SECURITY ADMINISTRATION, ) </br> ) </br> Defendant. ) </br> _____ ) | MEMORANDUM AND </br> RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 11, 12), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. Procedural Background

In March of 2018, Plaintiff Lesley Sisk ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning June 20, 2015. Transcript of the Administrative Record ("AR") 196-197.

On February 19, 2020, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 14-33. That decision is the Commissioner's final decision for purposes of this action.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "degenerative disc disease of the cervical and lumbar spine, degenerative changes of the left hand and right thumb, and obesity." AR 20. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that through the last date on which Plaintiff was insured (March 31, 2018), he had the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) with additional limitations. The claimant could never climb a ladder, rope or scaffold. He could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. He must have avoided concentrated exposure to workplace hazards such as unprotected heights and moving machinery. He could frequently, but not constantly, perform handling and fingering bilaterally.

AR 23-24.

Applying this RFC, the ALJ found that, from June 20, 2015 (the alleged disability onset date) through March 31, 2018 (the "adjudicatory period"), Plaintiff had the ability to perform certain jobs that existed in significant numbers in the national economy such that Plaintiff was not disabled. AR 28-29.

### III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to consider his lower extremity edema when developing the RFC and erred when considering evidence from the Department of Veterans Affairs ("VA") relevant to Plaintiff's mental impairments.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905; see also 20 C.F.R. § 404.350(a)(5) (child benefits). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's

3

findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

A. Lower Extremity Edema

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the evidence to his conclusion" that a plaintiff's RFC sufficiently accounts for his or her limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (in formulating the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion"); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review

and determine whether the ALJ's decision is supported by substantial evidence"); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at *6 (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion").

Here, Plaintiff argues that the ALJ "failed to evaluate" Plaintiff's lower extremity edema, which he contends negatively affects his ability to lift, carry, stand, walk, and sit. See Doc. 11-1 at 1 & 5. Plaintiff points to his testimony that he experiences numbness in his legs and feet, and that he lies down between 5 and 10 times a day. Id. at 5-6.

In his decision, the ALJ acknowledged Plaintiff's testimony that he experienced lower back pain, lower extremity pain, lower extremity weakness, and related problems standing, walking, and lifting/carrying objects. AR 24. However, the ALJ found that Plaintiff's "allegations of chronic and debilitat[ing] pain and mobility hinderance are generally out of proportion to objective medical evidence documented during physical examinations." AR 25.

Specifically, the ALJ explained that the record included no evidence of muscle atrophy, and that Plaintiff exhibited "generally normal range of musculoskeletal motion," and a normal and unassisted gait during and after the adjudicatory period. AR 25-26 (citing, *inter alia*, AR 323 (March 3, 2017 treatment note reflecting normal range of motion with no pain, normal strength, and normal muscle bulk and tone), AR 400 (September 25, 2015 note

5

reflecting fully normal gait with good dynamic balance/control, normal range of motion other than mild decrease in left hand), AR 496 (September 21, 2018 note indicating unremarkable gait and that Plaintiff was ambulating well, with good power in legs and no edema), AR 564 (March 8, 2018 note indicating normal muscle tone and bulk and a steady gait), AR 619 (March 2018 notes reflecting steady gait)). Considering this "core medical evidence," the ALJ found Plaintiff's "allegations of significant difficulties with standing, walking, and needing a cane to ambulate [had] no support in the relevant medical record." AR 26.

The ALJ went on to acknowledge, however, that Plaintiff's medical records included evidence of degenerative disc disease of the cervical and lumbar spine. AR 26. Accordingly, although the ALJ found state agency consultants' opinions that Plaintiff was capable of medium work with additional postural limitations were "generally supported," the ALJ imposed greater exertional and postural limitations in Plaintiff's RFC.

Plaintiff argues that "we are left to guess" why the ALJ did not consider his lower extremity edema in formulating his RFC. Doc. 11-1 at 6-7. However, based on the ALJ's discussion of Plaintiff's medical records and the state agency consultants' opinions, meaningful review of the ALJ's determinations is possible, and the undersigned does not recommend remand on this basis.

## B. VA Evidence Regarding Plaintiff's Mental Impairments

Plaintiff contends that the ALJ failed to consider underlying evidence from the VA and a VA disability Rating Decision properly. Specifically, Plaintiff points to an April 22, 2013 PTSD evaluation by Dr. Jay Griffith (AR 1181-1194), and a subsequent May 1, 2013 VA Rating Decision (AR 212-217). Dr. Griffith determined that Plaintiff's PTSD resulted in "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although [Plaintiff was] generally functioning satisfactorily, with normal routine behavior, self-care and conversation." AR 1184. The VA Rating Decision adopted this description of Plaintiff's mental impairment. AR 214.

In addressing Plaintiff's possible mental impairments, the ALJ noted that the "medical record from before the alleged onset date (during the 2012 to 2013 timeframe) document[ed] diagnoses for mental impairments such as PTSD and panic attacks," that treatment records during that timeframe included "some positive objective medical signs, including mood disturbances, psychomotor agitation, and irritability," and that there was a finding of partial disability by the VA in 2013. AR 21.

The ALJ further explained, however, that there was "no record of formal mental health care, psychiatric emergencies, or even significant symptom reports during the period at issue…" i.e., the adjudicatory period beginning

7

almost two years after the VA Rating Decision was issued. AR 21. The ALJ then cited specific record evidence regarding Plaintiff's mental functioning (as set out in other treatment records) during the adjudicatory period. Id. (citing, *inter alia*, AR 317 (March 3, 2017 treatment note reflecting Plaintiff was oriented, with normal mood and affect), AR 368 (August 10, 2017 note indicating Plaintiff was oriented, his cognition was intact, and he exhibited a normal mood), AR 779 (March 24, 2018 progress note reflecting that Plaintiff was cooperative, displayed appropriate mood and affect, and normal judgment), AR 916 (March 2018 notes reflecting Plaintiff's thought process was appropriate)).

Additionally, when considering Plaintiff's mental impairments, the ALJ discussed the findings of state agency psychological consultants. AR 22. On initial review, Dr. Heather Bradley determined that Plaintiff had no more than "mild" limitations in the areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself. AR 90. On reconsideration, Dr. Patrice Solomon found that Plaintiff had "moderate" limitations in the areas of concentrating, persisting, or maintaining pace and interacting with others. AR 117-118 (finding that Plaintiff would be able to concentrate and persist in order to sustain simple work with limited public contact). The ALJ explained that he found Dr. Bradley's findings persuasive because they were "consistent

8

Case 1:20-cv-00326-MR-WCM   Document 15   Filed 11/03/21   Page 8 of 11

with the dearth of mental health treatment during the relevant period and repeated findings of normal mental health functioning." AR 22. Based on the medical record and Dr. Bradley's opinion, the ALJ found that Plaintiff's mental impairments during the adjudicatory period were not severe. Id.

Accordingly, it is sufficiently clear from the ALJ's decision that although he considered the underlying evidence from the VA and the VA Rating Decision, the ALJ found Plaintiff's medical records during the adjudicatory period, as well as Dr. Bradley's opinion considering that evidence, to be more persuasive. See SSR 96-6p, 1996 WL 374180, at * 2 (July 2, 1996) (state agency consultants "are highly qualified ... physicians and psychologists who are experts in the evaluation of medical issues in disability claims....").[1]

Therefore, the undersigned will not recommend remand on this basis.

---

[1] The Fourth Circuit held in Bird v. Commissioner of Social Sec, Admin. that, generally, "the [Commissioner] must give substantial weight to a VA disability rating" in making a disability determination, though "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." 699 F.3d 377, 343 (4th Cir. 2012); see also Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018). Since Bird, new Social Security regulations provide that for claims filed on or after March 27, 2017, "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. §§ 404.1504. Here, the parties appear to disagree as to whether the requirements of Bird apply. Assuming those requirements do apply, the ALJ provided sufficient reasons for his treatment of the underlying evidence from the VA and the VA Rating Decision. See e.g., Johnson v. Colvin, No. 5:13–CV–509–FL, 2014 WL 4636991 at *10 (E.D.N.C. Sept. 16, 2014) ("the ALJ's disability determination was based on over three years of medical evidence that the VA did not consider…. Thus, in the present case, the VA rating decisions are less relevant to the ALJ's determination than in Bird").

## VI. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 11) be **DENIED**, and that the Commissioner's Motion for Summary Judgment (Doc. 12) be **GRANTED**.

Signed: November 2, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).